ANS
MICHAEL C. HETEY, ESQ.
Nevada Bar No. 5668
HAROLD J. ROSENTHAL, ESQ.
Nevada Bar No. 10208
THORNDAL ARMSTRONG DELK
BALKENBUSH & EISINGER
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
  Mail To:
  P.O. Box 2070
  Las Vegas, NV 89125-2070
Tel.: (702) 366-0622
Fax: (702) 366-0327
mch@thorndal.com
hjr@thorndal.com

Attorneys for Defendants,
VLADIMIR NASKOV ALEKSANDROV,
TRIPLE D EXPRESS, INC.

## UNITED STATES DISTRICT COURT

| | |
|---|---|
| RAMON FLORES, an Individual; SOCORRO FLORES, an Individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>VLADIMIR NASKOV ALEKSANDROV, an Individual; TRIPLE D EXPRESS, INC., an Illinois Corporation; DOES 1-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,<br><br>    Defendants. | CASE NO.  3:18-cv-00589-RCJ-CBC<br><br>**DEFENDANTS, VLADIMIR NASKOV ALEKSANDROV AND TRIPLE D EXPRESS, INC.'S ANSWER TO COMPLAINT FOR DAMAGES** |

**<u>DEFENDANTS, VLADIMIR NASKOV ALEKSANDROV AND TRIPLE D EXPRESS, INC.'S ANSWER TO COMPLAINT FOR DAMAGES</u>**

COMES NOW Defendants, **VLADIMIR NASKOV ALEKSANDROV and TRIPLE D EXPRESS, INC.**, by and through their attorneys of record, THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and for their Answer to Plaintiffs' Complaint on file herein, admit, deny and allege as follows:

    1.    Answering paragraphs 1 and 2 of Plaintiffs' Complaint on file herein, these

answering Defendants admit the allegations contained therein.

2. Answering paragraphs 3 and 4 of Plaintiffs' Complaint on file herein, these answering Defendants, upon information and belief admit the allegations contained therein.

3. Answering paragraphs 5 and 6 of Plaintiffs' Complaint on file herein, these answering Defendants do not at this time have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations contained in said paragraphs.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

4. Answering paragraph 7 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 6 and incorporate the same by reference as though fully set forth herein.

5. Answering paragraphs 8, 12, 13 and 14 of Plaintiffs' Complaint on file herein, these answering Defendants, upon information and belief, admit the allegations contained therein.

6. Answering paragraphs 9, 10, 11, 16, 17, 18, 19, 20 and 21 of Plaintiffs' Complaint on file herein, these answering Defendants do not at this time have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations contained in said paragraphs.

7. Answering paragraph 15 of Plaintiffs' Complaint on file herein, these answering Defendants deny the allegations contained in said paragraph.

## FIRST CLAIM FOR RELIEF

### (Negligence)

### Against Defendant VLADIMIR NASKOV ALEKSANDROV

8. Answering paragraph 22 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 21 and incorporate the same by reference as though fully set forth herein.

9. Answering paragraphs 23, 24 and 30 of Plaintiffs' Complaint on file herein, these answering Defendants deny the allegations contained in said paragraphs.

10. Answering paragraph 25 of Plaintiffs' Complaint on file herein, these answering Defendants admit all drivers have duties of care which are dependent upon circumstances presented and deny the remaining allegations contained in said paragraph.

11. Answering paragraphs 26, 27, 28 and 29 of Plaintiffs' Complaint on file herein, these answering Defendants do not at this time have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations contained in said paragraphs.

## SECOND CLAIM FOR RELIEF

### (Gross Negligence)

### Against Defendant VLADIMIR NASKOV ALEKSANDROV

12. Answering paragraph 31 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 30 and incorporate the same by reference as though fully set forth herein.

13. Answering paragraphs 32, 33, 34, 35, 36, 37, 38, 39 and 41 of Plaintiffs' Complaint on file herein, these answering Defendants deny the allegations contained in said paragraphs.

14. Answering paragraph 40 of Plaintiffs' Complaint on file herein, these answering Defendants do not at this time have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations contained in said paragraph.

## THIRD CLAIM FOR RELIEF

### (Vicarious Liability/Respondeat Superior)

### Against Defendant TRIPLE D EXPRESS, INC.

15. Answering paragraph 42 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 41 and incorporate the same by reference as though fully set forth herein.

16. Answering paragraph 43 of Plaintiffs' Complaint on file herein, these answering Defendants admit that pursuant to applicable Nevada law, an employer may be deemed

vicariously liable for an unintentional tort committed by an employee while the employee was within the course and scope of employment. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 43, and upon that basis deny the remaining allegations contained in said paragraph.

17. Answering paragraph 44 of Plaintiffs' Complaint on file herein, these answering Defendants, upon information and belief, admit the allegations contained in said paragraph.

18. Answering paragraphs 45 and 46 of Plaintiffs' Complaint on file herein, these answering Defendants do not at this time have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations contained in said paragraphs.

19. Answering paragraph 47 of Plaintiffs' Complaint on file herein, these answering Defendants deny the allegations contained in said paragraph.

### FOURTH CLAIM FOR RELIEF
### (Negligent Hiring, Training, Supervision and Retention)
### Against Defendant TRIPLE D EXPRESS, INC.

20. Answering paragraph 48 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 47 and incorporate the same by reference as though fully set forth herein.

21. Answering paragraphs 49 and 52 of Plaintiffs' Complaint on file herein, these answering Defendants do not at this time have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations contained in said paragraphs.

22. Answering paragraphs 50, 53, 54 and 55 of Plaintiffs' Complaint on file herein, these answering Defendants deny the allegations contained in said paragraphs.

23. Answering paragraph 51 of Plaintiffs' Complaint on file herein, Defendant, Triple D Express, Inc. admits it was the employer of Defendant Aleksandrov at the time of the subject accident, and is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the remaining allegations contained therein, and upon that basis denies the

same. As the allegations in this Fourth Cause of Action are against Triple D Express Inc. there is no requirement for a response by any other Defendant.

### FIFTH CLAIM FOR RELIEF
### (Loss of Consortium)
### SOCORRO FLORES' Claims Against All Defendants

24. Answering paragraph 56 of Plaintiffs' Complaint on file herein, these answering Defendants do not at this time have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations contained in said paragraph.

25. Answering paragraph 57 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 56 and incorporate the same by reference as though fully set forth herein.

26. Answering paragraph 58 of Plaintiffs' Complaint on file herein, these answering Defendants do not at this time have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations contained in said paragraph.

27. Answering paragraph 59 of Plaintiffs' Complaint on file herein, these answering Defendants deny the allegations contained in said paragraph.

### SIXTH CLAIM FOR RELIEF
### (Punitive Damages)

28. Answering paragraph 60 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 59 and incorporate the same by reference as though fully set forth herein.

29. Answering paragraph 61 of Plaintiffs' Complaint on file herein, these answering Defendants deny the allegations contained in said paragraph.

///
///
///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and the Causes of Action alleged therein fail to state a claim against these answering Defendants upon which relief may be granted and should be dismissed accordingly.

### SECOND AFFIRMATIVE DEFENSE

The negligence of Plaintiff Ramon Flores caused or contributed to any injuries or damages that Plaintiffs may have sustained, requiring that the damages of Plaintiffs be denied or be diminished in proportion to the amount of negligence attributable to Plaintiff Ramon Flores, including any and all derivative claims and damages alleged by Plaintiff Socorro Flores..

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

That Plaintiffs' Complaint is barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff Ramon Flores' medical care and/or treatment is not and was not necessary or related to the incident that forms the basis of Plaintiffs' Complaint on file herein.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' medical charges are not related to the incident alleged in their Complaint, and were not reasonable or customary.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were proximately caused by or contributed to by the negligent, careless, reckless and/or unlawful conduct of third parties over whom these answering Defendants had no control. These answering Defendants' liability is therefore limited in direct proportion to the percentage of fault actually attributable to their own conduct, if any, and these answering Defendants are entitled to contribution, set off or apportionment in proportion to the percentage of fault attributed to said third parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages and injuries were pre-existing and/or caused by a subsequent incident or subsequent conduct by individuals or entities other than these Defendants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were proximately caused, in whole or in part, by an independent intervening cause over which these answering Defendants had no control and for which they are not responsible.

### TENTH AFFIRMATIVE DEFENSE

Any claim in this litigation as alleged or requested by Plaintiffs for punitive damages against these answering Defendants, if any, violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment of the United States Constitution on the following grounds:

(a) It is violative of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded permit

multiple punishments or penalties for the same or similar act and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar act and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are often awarded permit the imposition of penalties for out-of-state acts and, thus, violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(i) The procedures pursuant to which punitive damages are awarded do not require written jury instructions to be given to the jury and, thus, violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(j) The procedures pursuant to which punitive damages are often awarded do not require the identification of actual damages separate from punitive damages on the verdict form and, thus, violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution; and

(k) The procedures pursuant to which punitive damages are awarded do not require the Court to bifurcate trial to require that the jury return a verdict determining liability, actual damages, compensatory damages, and the appropriateness of punitive damages before considering the amount of any punitive damages, and, thus, the procedures violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

///

///

///

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to plead facts sufficient to warrant the consideration of exemplary or punitive damages against these answering Defendants requiring denial and dismissal of any claims for punitive damages

### TWELFTH AFFIRMATIVE DEFENSE

Pursuant to NRS 41.141, in the event recovery is allowed against more than one Defendant in this action, then the liability of these answering Defendants, if any, is not "joint" and shall be several to the Plaintiffs only for that portion of the judgment which represents the percentage of negligence, fault or liability attributable to these answering Defendants.

Pursuant to applicable Federal Rules of Procedure, precedent and equity, all possible affirmative defenses and claims may not have been alleged herein insofar as sufficient facts were not available after the filing of Plaintiffs' Complaint and, therefore, these answering Defendants reserve the right to amend this Answer to allege additional affirmative defenses and claims, if subsequent investigation so warrants.

**WHEREFORE**, Defendants, VLADIMIR NASKOV ALEKSANDROV, and TRIPLE D EXPRESS, INC. pray as follows:

1. That Plaintiffs, take nothing by way of their Complaint.

2. That Plaintiffs' claims and causes of action alleged against, VLADIMIR NASKOV ALEKSANDROV, and TRIPLE D EXPRESS, INC. be denied and dismissed with prejudice;

3. For an award of reasonable attorney's fees, costs and expenses incurred by VLADIMIR NASKOV ALEKSANDROV, and TRIPLE D EXPRESS, INC. in the defense of this action; and

/ / /
/ / /
/ / /
/ / /
/ / /

4. For such other and further relief as the Court deems just, equitable and proper.

DATED this __13__ day of December, 2018.

                THORNDAL ARMSTRONG DELK
                BALKENBUSH & EISINGER

                _____
                MICHAEL C. HETEY, ESQ.
                Nevada Bar No. 5668
                HAROLD J. ROSENTHAL, ESQ.
                Nevada Bar No. 10208
                1100 East Bridger Avenue
                Las Vegas, Nevada 89101
                Attorneys for Defendants,
                VLADIMIR NASKOV ALEKSANDROV,
                TRIPLE D EXPRESS, INC.

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), on the _13th_ day of December, 2018, service of the above and foregoing **DEFENDANTS, VLADIMIR NASKOV ALEKSANDROV AND TRIPLE D EXPRESS, INC.'S ANSWER TO COMPLAINT FOR DAMAGES** was made upon each of the parties via electronic service through the United States District Court for The District of Nevada's ECF system.

Barbara W. Gallagher, Esq.
KIDWELL & GALLAGHER, LTD
790 Commercial Street
Elko, NV 89801

*/s/ Patricia L. Pratti*
An employee of THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER